UNITED STATES' DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

CIVIL CASE NUMBER:

PRECIOUS OKEREKE
Plaintiff

V.

01)    COMMUNITY RESOURCES FOR JUSTICE (CRJ)

02)    PIERRE LUBIN – IN INDIVDUAL & OFFICIAL CAPACITIES

03)    SHANON NEWCOMB - IN NDIVIDUAL & OFFICIAL CAPACITIES &

04)    SHERYLYN ST. LUCE – IN INDIVIDUAL & OFFICIAL CAPACITIES
Defendants

COMPLAINT

INTRODUCTION

The Plaintiff started working at the human services agency known as Community Resources for

Justice (CRJ) on June 18th, 2018 and was fired under the pretext of sleeping on the job; the

Plaintiff's last day of work was November 12th, 2018.  On November 12th, 2018 the Plaintiff was

condemned to administrative leave by the second Defendant.  The Plaintiff inquired from her if it

would be with/out pay, and the answer was that it would be without pay.  The Plaintiff did not

return to work as was ordered and warned that she would be trespassing if she returned to work.

Hoping that there will be an evidentiary hearing as requested by the Plaintiff, the Plaintiff

adhered to the order.  The Plaintiff contacted the third Defendant as the Assistant Director at the

Plaintiff's job location but was told that investigation was going on.  The Plaintiff made several

calls to the Program's Assistant director and the human resources director but was told the same

story - under investigation.  Other officials of the agency were called and the Plaintiff left messages in their answering machines or voice mails but they did not answer or return the Plaintiff's calls.  Eventually the second defendant came to the phone and informed the Plaintiff that decisions about the Plaintiff's employment rested with the third Defendant.

The Plaintiff called the third Defendant, and there were attempts to schedule a hearing. Eventually, a date mutually convenient was agreed upon, but the time conflicted with Plaintiff's much-needed medical appointment and it was timely communicated to the third Defendant. She then scheduled another appointment for the plaintiff in a town far out of the metro areas, and the Plaintiff agreed to meet at the unknown town of Weyham, Mass (subject to correction because I can't remember the name of the town precisely). However, the third Defendant called the Plaintiff to cancel the hearing on the afternoon of the day of the hearing and informed the Plaintiff that there would be no need for the hearing since she and the company have decided that the Plaintiff be fired.

The Plaintiff needed the hearing to establish that she had the constitutional right to *confront* the person who took her picture while allegedly sleeping.  Secondly, the Plaintiff needed to see the picture for corroboration of the charges, but to no avail.  Invasion of the Plaintiff's privacy was not the issue, because it exists not in public place and courts' precedents clearly establish that. More, the Plaintiff did try to exhaust the administrative remedies, though optional in Massachusetts prior to proceedings commencement, but to no avail.  [App. 1]  The Defendants' attorney replied denying resolution through administrative exhaustion.  [App. 2]  There were telephone calls between the Defendants' attorney and the Plaintiff; the Plaintiff deemed it worthwhile to commence the proceedings for the necessary parties incapacitation to reaching a common ground without the Court's involvement. Evidently, the firing of the Plaintiff

dissociated from indirect or circumstantial evidence. The reason for the firing should be in dispute. The case has some precedents, but a couple will be cited! [*Bernard E. Bulwer v. Mount Auburn Hospital & others*, 473 Mass. 672 (2016) (Superior Court – Middlesex County); *Flagg v. AliMed Inc.*, 466 Mass. 23 (2013); …]

It would be advantageous to noting that the Plaintiff's earnings per hour as a residential counselor was less than what other employees were started with. After a while, there was hourly pay base change owing to their consciousness that the Plaintiff's colleagues had communicated to her what they were paid for the self-same work. The Plaintiff will do her best to present direct and indirect evidence adequate for the jury to hear her claims. The Plaintiff was a satisfactory employee, in all modesty, though the Plaintiff was never evaluated prior to firing under the pretext of sleeping on duty. Absent the hostile work environment, the Plaintiff should have gotten satisfactory or superior performance evaluation. Sadly, pretext prevailed! Pretext meaning *a discriminatory purpose* (emphasis supplied). Fortunately, there exists some prima facie or probative evidence of discrimination. The Defendants' *discriminatory intent* is very obvious and the Plaintiff is a victim of unlawful discrimination! Consciously, a rational jury will consider it reasonable that the Plaintiff's discharge was *pretextual*! The Plaintiff strongly denied the allegation! Among the employees, who never slept? The Plaintiff worked more than eight hours without a break in stark violation of the Massachusetts' law, which associated with 30-minute break for six-hour work. The Plaintiff will demonstrate the four things needed for the successfulness of the proceedings namely: (1) That the Plaintiff is a protected class; (2) That the Plaintiff was subject/ed to obvious adverse employment action; (3) That the Defendants condemned the Plaintiff to discriminatory animus in the termination of the Plaintiff employment without an evidentiary hearing; (4) That the animus was the reason for the action or termination

of the employment – causation.  That the Plaintiff was sleeping at work was nothing, but the illegitimate nature of the Defendants articulated reason, was very far from the truth.  That causes the Defendants not to schedule the Plaintiff for an evidential hearing, which would have associated with confrontation of the so-called picture taker.  The Plaintiff needed to confront the so-called picture-taker, but the Defendants knowing the degree of the deception thus the precocious termination of the Plaintiff's employment never allowed it to come to fruition.

## PARTIES

The Plaintiff's contact address to the case will be as stated below.  The contact address for the Defendants will be their attorney by name Shane R. Goodrich.  Her contact address is: Morgan Brown & Joy LLP, 200 State Street, Boston - MA 02109-2605.

## JURISDICTION

That exists on constitutional, statutory and procedural bases, indeed!  [Article III Sec. 2; Fifth Amendment; Eight Amendment; 13th Amendment; 29 U.S.C. Secs. 101-115; 42 U.S.C. Secs. , 1981a, 1985, 1986, 2000e and 2505; Civil Rights Act of 1964; Civil Rights Act of 1991; Fed. R. Civ. P. 4; Mass. Const. Arts. 10 and 11; G.L.c. 93 Secs. 10 and 102; G.L.c. 93A Sec. 11; G.L.c. 151B; G.L.c. 151B Sec. 4(1E); ...]

## VENUE

That should not be a problem!  In brief, it exists!  [28 U.S.C. Sec. 1391]

## BASES OF COMPLAINT

**01)**    That the Defendants' actions qualify for anticipatory breach of employment thus employment of the Plaintiff to do the dirtiest/hardest initial works single handedly at the new site and Defendants had no intention of permanent or long-term employment for the Plaintiff.

02)    That the Defendants subjected the Plaintiff to meaningless, unnecessary and rigorous training where the Plaintiff must be in Shirley, MA at 8:30 AM everyday for two consecutive weeks.

03)    That the Plaintiff was forced to do the training twice because she was late one day at the second week of the first training – Plaintiff lives in Boston but had to go to Shirley, MA for training while others were trained in Boston, MA. That qualified for unusual cruelty or deliberate indifference. The Plaintiff also had to come back to Shirley for another two days of training for being 5 minute late on the second training.

04)    That the plaintiff did not receive her travelling mileage compensations as her colleagues.

05)    That the Plaintiff was forced to work without a break despite working more than six-hour as statutorily stipulated in the Massachusetts.

06)    That the Plaintiff completed the initial mundane tasks and the fourth Defendant as the Program Director started reducing the Plaintiff's hours for accommodation of her fellow-Haitians and others that belonged to her clique.

07)    That the fourth Defendant covertly and overtly denied the Plaintiff required 150-day achievement from the date of hiring in the industry Medication Administration Process (MAP).

08)    That the Fourth Defendant allowed those employed with the Plaintiff at the self-same time to attend the MAP's classes, but the Plaintiff was knowingly denied the opportunity

in stark violation of the 150-day passing requirement in the industry or else one will be terminated

from the employment for non-achievement or non-passing.

09)     That the so-called employment contract associated with property interest and deserved

pre- and post- deprivation or evidentiary hearings as is the rule.

10)     That the Plaintiff was never shown the putative or alleged picture where she was

sleeping.

11)     That the so-called Plaintiff's sleeping picture could have fabricated thus ....

12)     That the Plaintiff's termination under the color of sleeping was a pretext discrimination

under a hostile work environment as the Plaintiff was the only one always awake while the other

staff just came to sleep and leave in the morning.

13)     That the Plaintiff was knowingly condemned to pay roll fraud – the Plaintiff was

knowingly denied the pin number she needed to cross-check the number of hours she worked.

14)     That the promise to furnish the Plaintiff the password for cross-checking the number of

hours she worked that never materialized qualified for *representation/al* and *promissory*

*estoppels* as is known in the legal kingdom.

15)     That the Defendants actions violated the Plaintiff's Civil Rights thus 42 U.S.C. Sec. 1986

– "Action for neglect to prevent amongst others.

16)     That the Defendants' actions roundly qualify for intentional infliction of emotional

distress.

17)     That the Defendants' actions qualify for negligent infliction of emotional distress.

18)     That the Defendants' actions qualify for loss of consortium as is known in the legal's

kingdom.

19) That the Defendants' actions vis-à-vis the employment's termination devoid of evidentiary hearing/s typifies deprivation of property interest.

20) That the Defendants' actions roundly qualify for *deliberate indifference*.

21) That the Defendants' actions lend themselves to *anticipatory breach of employment contract*, which is purely unlawful without mincing words.

22) That given that the Plaintiff was really sleeping, the Plaintiff was entitled to 30-minute break for more than six-hour work.

23) That alleged sleeping at work with those serve – clientele - not being suicidal is unlawful under the doctrine of *irresistible impulse*.

24) That the Plaintiff's employment termination devoid of an evidentiary hearing roundly qualifies for *deliberate indifference*.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

The Plaintiff is not interest in the bench trial on the case. The demand for jury trial is in keeping with the Plaintff's well-established constitutional right, which the Plaintiff aims not at waiving intelligently as is the rule! [Mass. Const. Art. 15; Seventh Amendment]

## PLAINTIFF'S DEMAND FOR COMPENSATORY AND PUNITIVE DAMAGES

On individual capacities, it will be $5m and on official capacities $10m each. The sum will be $100m. Cost and interest will be excluded [as is the rule]

## CONCLUSION

The Plaintiff prays the Court to ensuring that "Justice will be done and be seen done, at all times and no matter how highly placed or whose ox will be gored. Above all, the importance of Equal Protection and Due Process Clauses cannot be over-emphasized, indeed! The Defendants tendered reason for the termination of the Plaintiff's employment without an evidentiary hearing

was false. []n brief, the Plaintiff is a victim of systematic discrimination under the color of

sleeping at work, which the Plaintiff's colleagues did imprudently.


PRECIOUS OKEREKE
*Pro Se*
P O Box 171121
Boston – MA 02117
Telephone: (617) 297 6213


**Dated: Monday – June 18th – 2019.**

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| | |
|---|---|
| **I. (a) PLAINTIFFS** Okereke, Precious | **DEFENDANTS** Community Resources For Justice (CRJ) Et.al |
| **(b)** County of Residence of First Listed Plaintiff **Suffolk** <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant **Suffolk** <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* Precious Okereke - Pro Se. P.O. Box 171121. Boston. MA 02117 617.297.6213 | Attorneys *(If Known)* Unknown Shane R. Goodrich |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine <br> ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application <br> ☐ 840 Trademark | ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts <br> ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** <br> ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights <br> ☐ 555 Prison Condition <br> ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC 2000e or 2000e-2

Brief description of cause: Condemnation to overt employment Discrimination & hostile work environment. Deprivation of pre & post termination hearings.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. **N/A**

DEMAND $ **100M**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE **N/A** DOCKET NUMBER **N/A**

DATE 06.19.2019

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Eastern District of Mass.

|  |  |  |
|---|---|---|
| Precious Okereke | ) ) ) ) ) ) |  |
| *Plaintiff(s)* | ) | Civil Action No. |
| v. | ) ) ) |  |
| Sherylyn St. Luce - In Indiv. & Off. Cps | ) ) ) ) |  |
| *Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Sherylyn St. Luce
c/o Attorney Shane R. Goodrich
Morgan Brown & Joy LLP
200 State Street. Boston. MA 02109

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Precious Okereke - Pro. Se

P.O. Box 171121. Boston. MA 02117

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                          *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the Eastern District Of Mass.

```
                                    )
                                    )
                                    )
Precious Okereke                    )
_____   )
            Plaintiff(s)            )
                                    )      Civil Action No.
            v.                      )
                                    )
                                    )
                                    )
Shanon Newcomb - In Indiv. Off. Cps.)
_____   )
            Defendant(s)            )
```

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Shanon Newcomb
C/o Attorney Shane R. Goodrich
Morgan Brown & Joy LLP.
200 State Street, Boston. MA 02109.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Precious Okereke - Pro-Se

P.O. Box 171121. Boston. MA 02117

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                              *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the Eastern District of Massachusetts

<table>
<tr><td>Precious Okereke</td><td>)<br>)<br>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td><i>Plaintiff(s)</i></td><td>)</td><td></td></tr>
<tr><td align="center">v.</td><td>)<br>)</td><td>Civil Action No.</td></tr>
<tr><td>Pierre Lubin - In indiv. & Off. GPS.</td><td>)<br>)<br>)<br>)<br>)<br>)</td><td></td></tr>
<tr><td><i>Defendant(s)</i></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Pierre Lubin
c/o Attorney Shane R. Goodrich
Morgan Brown & Joy LLP
200 State Street, Boston. MA 02109

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Precious Okereke - Pro-Se

P-O- Box 171121. Boston - MA 02117

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the Eastern District Of Massachusetts

|  |  |
|---|---|
| Precious Okereke<br>*Plaintiff(s)*<br><br>v.<br><br><br>Community Resources for Justice (CRJ) et. al<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Community Resources for Justice (CRJ)

c/o Attorney Shane R· Goodrich
Morgan Brown & Joy LLP
200 State Street . Boston· MA 02109

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Precious Okereke - Pro. Se

P. O· Box 171121. Boston. MA 02117

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____      _____
                                                              *Signature of Clerk or Deputy Clerk*